**THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

Jason Nieman,　　　　　　　　　　）
　　　　　Appellant　　　　　　　）
　　　　　　　　　　　　　　　　）　Case No. 13-1739
　　vs.　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　）　D.C. Case No. 2012 CV 01012 (C.D. Ill)
Insurance Search Group, Keith Hale;）
American Specialty Insurance & Risk）
Services, Inc. and Richard Dikeman ）　Judge: Hon. James E. Shadid
　　　　　Defendants/Appellees　　）
　　　　　　　　　　　　　　　　）　Magistrate Judge: Hon. John A. Gorman
　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　）

**PLAINTIFF-APPELLANT'S MOTION TO VOLUNTARILY DISMISS APPEAL(S) WITH PREJUDICE, AGAINST APPELLEES AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, AND RICHARD DIKEMAN <u>ONLY</u>, PURSUANT TO SETTLEMENT AGREEMENT OF THE PARTIES**

　　　Now comes Plaintiff Jason Lee Nieman, *Pro Se,* pursuant to an express settlement agreement between the parties, moving the Court to dismiss Appellees American Specialty Insurance and Risk Services, Inc., and Richard Dikeman from the appeal, with prejudice. The Appellant and these Appellees have reached an express agreement to conclude this dispute. All parties have signed the settlement document and payment has been generated and forwarded, as required. (A copy of the signed settlement document is attached as motion exhibit A).

Jason Nieman v. Keith Hale et al. Consol Appeal; Pltf-Appl MTVD Appeal With Prejudice
as to ASIRS/Dikeman ONLY
1 of 5


## PROCEDURAL HISTORY

As the Court is aware, the underlying case involves employment discrimination and/or retaliation allegations by the Plaintiff in relation to a position of employment that the Plaintiff/Appellant applied for at RLI Corp. by way of employment recruiter Keith Hale/Insurance Search Group ("ASIRS"). The last pled allegations (*Second Amended Complaint*), prior to federal court removal, alleged that Richard Dikeman informed RLI Corp. of the Plaintiff/Appellant's protected conduct as to a former employer, and otherwise defamed him as to his professional and/or personal abilities as an insurance claims manager and/or insurance claims professional. After removal of the action from Peoria County Court to U.S. District Court (Central District of Illinois) in January 2012, The District Court dismissed the causes against Dikeman and his employer (American Specialty Insurance and Risk Services, Inc.), in early 2012, subject to a 12(b)(6) motion filed by the Defendants/Appellees. At the time of dismissal, the District Court Judge (the Honorable James E. Shadid) also ruled that the causes against ASIRS (effectively for respondeat superior and/or vicarious liability) were frivolous as a matter of law. (See *Order* [39; 2/29/2012]).

After the Plaintiff/Appellant moved for reconsideration and/or leave to amend, Defendants/Appellees moved for sanctions. (*Motion* [47; 3/29/2012]). Nearly one year later, and approximately five months after the case was noted as dismissed and closed in the District Court's system, the District Court issued an *Order* [78] granting the motion, and citing Illinois Supreme Court Rule 137 as its singular basis for doing so. In its *Order* [78], the District Court now stated that it found ALL causes against the relevant Defendants (Hale, ISG, ASIRS, and

Jason Nieman v. Keith Hale et al. Consol Appeal; Pltf-Appl MTVD Appeal With Prejudice as to ASIRS/Dikeman ONLY

2 of 5

Dikeman) to be frivolous as a matter of law (and not based upon any believed or confirmed representation of any material fact), and subject to pleading sanctions under Il. Sup. Ct. Rule 137.

Subsequently, Defendants/Appellees ASIRS/Dikeman filed several pleadings, including a sealed set of billing documents, in support of an assertion as to these Defendants/Appellants have incurred $45,000 in legal fees and other expenses during the defense and/or handling of the entire case (beginning with the EEOC/IDHR phase), and asking the District Court to award that amount to them. After various pleading the District Court issued a subsequent *Order* [99; 4/3/2013] awarding almost exactly half (50%) of the claimed amounts, including $22,500 to Defendants/Appellees ASIRS/Dikeman. This *Order* was the basis for the *Judgment* [101; 4/8/2013] which has been part of the subject matter of this appeal.

As the Court is aware, the Plaintiff/Appellant timely appealed various issues as to ASIRS and Dikeman, as well as rulings and the judgment issued in favor of co-Defendants / Appellees Keith Hale and Insurance Search Group. The Plaintiff's/Appellant's *Brief* [14] was timely filed on May 13, 2013.

After the appeal was filed, and despite their differences, Defendants/Appellees ASIRS/Dikeman and Plaintiff/Appellant Nieman attempted to work together to find a point of compromise and conclusion outside of the courts. Ultimately, they were able to do so through their mutual good faith efforts. The terms call for the Plaintiff/Appellant to pay ASIRS $10,000, or approximately 44.44% of the District Court's award and judgment, along with other equitable and/or injunctive consideration to the Defendant/Appellees, and/or their parent corporation Brown and Brown, Inc. The terms of the express settlement contract also require

Jason Nieman v. Keith Hale et al. Consol Appeal; Pltf-Appl MTVD Appeal With Prejudice as to ASIRS/Dikeman ONLY

3 of 5

the Plaintiff/Appellant to promptly move to voluntarily dismiss the appeal as to ASIRS and Dikeman alone, and so the Plaintiff/Appellant is moving to do so. Thereafter, upon acceptance of the settlement payment, Defendant/Appellees ASIRS/Dikeman are required to file a *Satisfaction of Judgment* with the C.D. Ill. Court. Finally, as part of his consideration as to the settlement, the Plaintiff/Appellant has agreed to stipulate to a proposed injunction to be filed in the C.D. Ill. which will not allow him to file any regulatory charge or litigation against the Appellees and/or related releasing parties (including Brown and Brown) without express leave from the Central District of Illinois Court.

The Appeal will continue as to Defendants/Appellees Hale and ISG as those parties have shown no interest in taking part in any reasonable settlement negotiations, at least not up to this point. However, the Plaintiff/Appellant will revisit the issue of potential settlement after the District Court rules on the Plaintiff/Appellant's motion to reactivate the stay of execution of judgment pursuant to his securing of a supersedeas bond. (A copy of the motion and appeal bond are attached as motion exhibits B and C, respectively). As an aside, despite being made aware that the supersedeas bond issuance was pending very soon, Defendants/Appellees Hale and ISG moved on the first available day (May 23, 2013) to garnish the Plaintiff/Appellant's wages, bank account(s), and/or any real estate he owns in Sangamon County. As such, the prospects for negotiated conclusion with these Defendants/Appellants may not be very strong.

## CONCLUSION

For these good reasons, and others that the Appellate Court may find upon its own review, the Plaintiff-Appellant respectfully requests that this Court dismiss the appeal(s) with prejudice as to Defendants/Appellees American Specialty Insurance and Risk Services, Inc. and

Jason Nieman v. Keith Hale et al. Consol Appeal; Pltf-Appl MTVD Appeal With Prejudice as to ASIRS/Dikeman ONLY

4 of 5

Richard Dikeman ONLY, leaving the appeal to continue as to Defendants/Appellees Keith Hale and Insurance Search Group.   Consistent with the terms of the agreement, the Plaintiff/Appellant also requests that the Appellate Court issue an order of dismissal as to ASIRS and Dikeman, with the order confirming that each party will bear its own costs and/or attorneys' fees, consistent with the settlement agreement of the parties. (Motion exhibit A).

Respectfully submitted this June 13, 2013

/s/ Jason L. Nieman
Jason L. Nieman, *Pro Se*
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com

### CERTIFICATE OF SERVICE

Jason Nieman, *pro se*, certifies that on this date June 13, 2013 he caused a true and correct copy of the foregoing pleading, and the related exhibits, with the clerk of the court for the Seventh Circuit Court of Appeals, by way of the court's ECF/CM system.

All Defendants have appeared in this matter by way of counsel and have CM/ECF access in the district court so they will receive notification of these filings by virtue of the CM/ECF system.  The Plaintiff has additionally forwarded copies electronically to each party by way of their attorneys:

Matthew J. Kramer and Michael J. Kelly, Freeborn & Peters, LLP, 311 S. Wacker Drive, Suite 3000, Chicago, IL 60606, mkramer@freebornpeters.com, and Mkelly@freebornpeters.com. *Attorneys for Richard Dikeman and American Specialty*

J. Reed Roesler, Davis & Campbell, LLC, 401 Main Street, Suite 1600, Peoria, IL 61602-1241, jrroesler@dcamplaw.com, *Attorney for Keith Hale and Insurance Search Group*

/s/ Jason L. Nieman
Jason L. Nieman, *Pro Se*
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com

Jason Nieman v. Keith Hale et al. Consol Appeal; Pltf-Appl MTVD Appeal With Prejudice as to ASIRS/Dikeman ONLY

5 of 5