## THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

Jason Nieman,                              )
            Appellant                      )
                                           )
                                           )    Case No. 13-1739
                                           )
    vs.                                    )
                                           )    D.C. Case No. 2012 CV 01012 (C.D. Ill)
Insurance Search Group, Keith Hale;        )
American Specialty Insurance & Risk        )
Services, Inc. and Richard Dikeman         )    Judge: Hon. James E. Shadid
            Defendants/Appellees           )
                                           )    Magistrate Judge: Hon. John A. Gorman
                                           )
                                           )
                                           )
                                           )
                                           )
_____        )

## PLAINTIFF'S MOTION FOR RETROACTIVE STAY OF JUDGMENT ENFORCMENT UPON SUPERSEDEAS BOND, PURSUANT TO FRAP 8(a)(2)

Now comes Appellant Jason Nieman, pro se, respectfully asking the Appellate Court to approve a retroactive stay as to judgment enforcement efforts of Appellees Keith Hale ("Hale") and Insurance Search Group ("ISG"). While the District Court has issued an order approving the Appellant's supersedeas bond (barring any future enforcement action upon the bond) the District Court has ruled that the Appellees may continue to proceed with enforcement efforts during the five business day period that transpired between the expiration of stay (May 22, 2013) and the bond placement/Rule 62(d) motion date (May 29, 2013). (See copy of *Order* [122; 6/27/2013] attached as motion exhibit A). Respectfully, the Appellant believes that the District Court's ruling allowing certain judgment enforcement actions to continue despite the

placement of an approved supersedeas appeal bond is inconsistent with the letter and/or spirit of Rule 62(d).  Additionally, there appears to be a split in authorities within this appellate district that this Court will likely wish to resolve, as to retroactive stays under Rule 62(d).

Accordingly, Appellant respectfully asks this Court to rule that the stay should apply retroactively, at least as to efforts to seize bank accounts and/or to garnish wages, enforcement efforts that were commenced, but not perfected, prior to the motion for approval of supersedeas bond [113; 5/29/2013].  (See copy of motion attached as motion exhibit B).

## PROCEDURAL HISTORY

As the Court is aware, the underlying case involves an action related to the Plaintiff's unlawful disqualification for a position with RLI Corp. in March 2011.  As the Court is aware, the Plaintiff/Appellant amicably concluded the causes with the RLI Corp. Defendants in October 2012.  The other Defendants (Hale/ISG and ASIRS/Dikeman) had been dismissed many months before, on or about February 2012.  Thereafter, and consistent with the efforts that had been continuing since March 2012, the non-settling Defendants continued their efforts to secure an award of sanctions, arguing various procedural bases for the position that the Plaintiff/Appellant "knew or should have known" that he could not perfect a cause of action as a matter of law (for example, due to lack of administrative exhaustion).

Ultimately, the District Court ruled in favor of the non-settling Defendants, and ruled (largely retroactively) that the causes were frivolous and the pleadings therefore sanctionable.  After an additional period of pleading on the issues, the District Court awarded attorney's fees and costs of $17,000 and $22,500 to Defendant sets Hale/ISG and ASIRS/Dikeman

respectively.   On April 8, 2013 the District Court issued a final judgment [101] as to the awards.  The Plaintiff/Appellant respectfully and promptly appealed.

The Plaintiff/Appellant also moved for a stay and/or reduction as to bond and the District Court denied that motion in an *Order* [110] issued on April 22, 2013, setting an expiration date on the stay of May 22, 2013.  The Plaintiff also had filed a claim with his homeowners/umbrella liability carrier (Erie).  Erie denied coverage entirely on April 17, 2013. (Erie then filed a declaratory relief lawsuit against the Plaintiff/Appellant in Sangamon County, IL under cause number 2013 MR 00037 on April 30, 2013, which the Plaintiff/Appellant has also been forced to defend)  The Plaintiff /Appellant then filed a separate motion [8; 4/23/2013] with the Seventh Circuit asking that the bond be reduced and/or waived pursuant to FRAP 8. This motion was denied on May 3, 2013.

While these events were occurring, the Plaintiff/Appellant worked diligently to try and negotiate a conclusion of the disputes in this case, and in the unrelated cases in this District and/or the Seventh Circuit regarding Integrity/Grange (3:11 cv 03404, 3:12 cv 03250, etc.).  The Plaintiff / Appellant was able to negotiate a conclusion/agreement with those parties and those cases/appeals have now been dismissed and closed.  Similarly, the Plaintiff/Appellant reached an agreement with ASIRS/Dikeman in this matter to settle the dispute with those Defendants. In just a few short weeks that matter has been expressly concluded, Appellees ASIRS and Dikeman have been dismissed from the appeal, and they have filed a *Satisfaction of Judgment* with the federal District Court in Peoria.

The behavior of Defendants/Appellants Hale and ISG has been very different from that of the other Defendants in this case, and beyond.   Even though the Plaintiff kept the Defendants

updated on a nearly daily basis as of May 14, 2013 (as to the progress toward securing a home

equity line of credit [required full security] and supersedeas bond), the very first possible day

after the stay ended, Defendants Hale/ISG filed a *Memorandum of Judgment* in Sangamon

County and similarly (1) served the Plaintiff's employer with a summons as to a garnishment

action filed in Peoria County, (2) moved to levy his bank account at a local Springfield bank

and (3) apparently placed a lien on his family's home .  Defendants Hale/ISG were so eager to

use this newly available implement that they arranged to have it served upon the Plaintiff's

employer within just a few hours after it was initially filed in the Peoria County Court, likely

incurring additional and arguably unnecessary expense in arranging for such fast personal

service of process on the Plaintiff's employer.

       Even as to the Texas action, Hale/ISG arguably committed a bit of a rouse in seeking an

agreed extension as to filing of a pleading under the guise of negotiations.  After receiving a

legitimate and good faith settlement offer from the Plaintiff, Texas counsel for Hale/ISG

(Derrick Rollins), responded by asking the Plaintiff/Appellant if he would agree to a brief

extension as to responsive pleading related to the Plaintiff's proposed amended complaint.  The

Plaintiff /Appellant agreed, in utmost good faith and an agreed motion was filed, which the

court approved.  However, on May 1, 2013 the Plaintiff/Appellant received email demands from

attorneys Rollins (Texas) and Roesler (Illinois) demanding every time allegedly spent in the

Texas and Illinois actions, even though there is no basis whatsoever to argue the Texas action as

frivolous, nor the pending 7th Circuit appeal and/or brief in this action as frivolous in any way.

The Plaintiff/Appellant has tried to reason with counsel for Hale/ISG but they have refused any

reasonable settlement overtures.

Not having professional contacts as to securing a supersedeas bond and not being an attorney or a corporation, procurement of a supersedeas appeal bond was not easy. Plaintiff/Appellant was told that he would have to "fully secure" the bond, so he was forced to seek a fairly large home equity line of credit loan ("HELOC"), one large enough to cover both judgments ($39,500 in total). However, due to his persistence and diligence the Plaintiff/Appellant was able to secure a proper supersedeas bond. (See motion exhibit C, attached). The Plaintiff/Appellant was also able to limit the bond to the judgment awarded to Hale and ISG as he reached a settlement agreement with the ASIRS/Dikeman parties, and they promised not to move to enforce the judgment, and honored their word as to this promise.

Immediately upon issuance of the bond, the Plaintiff/Appellant filed a motion to have the bond approved with the District Court. (See copy of motion [113; 5/29/2013, attached as motion exhibit B). On June 27, 2013 the District Court issued an *Order* [122] approving the bond and barring any future enforcement action. However, the District Court also refused to bar the Defendants/Appellants (Hale/ISG) from removing any liens or encumbrances they had already placed pursuant to a *Memorandum of Judgment* (filed in Sangamon County on May 22, 2013). Similarly, and more importantly, the District Court's *Order* arguably allows the Defendants/Appellants to continue to try and seize bank account and/or to garnish his wages, attempts put into place prior to the issuance and/or motion on bond (and/or prior to the ruling on the bond of June 27, 2013) but which had not been perfected prior to June 27, 2013. Respectfully, the Plaintiff/Appellant believes that the District Court's ruling is inconsistent with the spirit of and/or the language of Rule 62(d) and he respectfully requests that this Court bar the Defendants/Appellees from taking any further action to garnish his wages and/or to seize his

bank accounts, including those that were commenced between the stay expiration of May 22, 2013 and the bond issuance/motion date of May 29, 2013. Thank you.

The District Court's justification for refusing to make the stay retroactive appears to be that the Plaintiff/Appellant could have sought another stay by way of motion. However, the District Court's tone in various pleadings did not suggest that the District Court would look favorably on any further unsupported enforcement stay. Indeed, the District Court's *Order* [110; 4/22/2013] suggested that the stay would only be extended with a proper bond:

*"To this extent, the Court will stay the execution of judgment for 30 days from the date of this Order to allow Neiman the opportunity to present a proper supersedeas bond."*

## ARGUMENT

As the Court is aware, and is clear from the pleadings before the District Court, there is an apparent split in authorities within this appellate district as to retroactivity of stays in relation to supersedeas appeal bonds under Rule 62(d). The Plaintiff/Appellant believes that this case provides an opportunity for this Court to resolve this split in authorities, and to provide clear guidance to parties and the District Courts as to retroactivity of supersedeas bonds.

Despite arguing against a reactivation of stay as to enforcement efforts taken in the few days between the stay expiration and the bond issuance, the Defendants and counsel have admitted that there is case law in this appellate district to support such an outcome, citing *Sheldon v. Munford,* 128 F.R.D. 663 (N.D. Ind. 1989). In *Sheldon,* the Court stated:

*"The purpose of a supersedeas bond is to permit the plaintiff to collect its judgment after appeal without the necessity of proceedings supplemental or a protracted search for assets. In Ascher v. Gutierrez, 66 F.R.D. 548 (D.D.C.1975), the plaintiff obtained a writ of*

*attachment prior to the posting of a supersedeas bond by the defendant. In quashing the writ of attachment, the court stated:*

*Since the purpose of a supersedeas bond is to preserve the status quo and to preserve all rights on appeal, and since the intervenor has posted a satisfactory and sufficient bond, the plaintiff is adequately protected. The bond posted herein, when approved, operates to guarantee payment of the judgment in the event defendant's appeal is not successful."*

In arguments before the District Court, the Defendants/Appellants and counsel have tried to argue that the stay should have no real effect.  Even though their interests upon completion of appeal, if successful for them, have been fully protected by virtue of the bond (approval of which they *did not* oppose in their responsive pleading [116; 6/17/2013]), they argue that they should be allowed to continue to fully enforce the judgment (seize bank account funds, garnish wages, and/or perhaps even attempt to foreclose upon the Plaintiff's families' home by virtue of the *Memorandum of Judgment* perhaps) because these actions were commenced in the few days between the expiration of the stay (May 23, 2013) and the bond being issued (May 29, 2013).  Such an argument, in light of the non-approved supersedeas bond, seems to be inconsistent with substantial justice and fairness, as well as the spirit and letter of the Rule, as well as its presumed intent by various court rulings and discussion.

The Plaintiff/Appellant also believes that the Defendants/Appellants omitted the critical detail in their initial opposition, in that that they have not yet secured an *order of garnishment* as to either summons/notice.  At the time of their responsive pleading [116; 6/17/2013] they also knew that the Plaintiff had filed motions seeking to quash the garnishment summonses and/or seeking a hearing on the issue, such pleadings filed on June 14, 2013.  These proofs were

provided by the Plaintiff/Appellant to the District Court in a proposed *Reply,* which the District Court appeared to allow by virtue of a *Text Order* issued on June 25, 2013.

      In support of the argument that they are free to continue to previously filed enforcement actions, the Defendants/Appellants cited several cases to the District Court.  First of all, they cited *Laborers Nat. Pension Fund v. ANB Inv. Mgt. and Trust Co.,* 26 F.Supp.2d 1048 (N.D. Ill. E.D. Nov. 9, 1998).  Despite the apparent suggestion, the fact that this federal court is from Illinois does not make the precedent more valuable or compelling as opposed to *Sheldon,* since both cases are within the Seventh Circuit.   Additionally, *Laborers* can be easily distinguished with the present case.

      First of all, the parties worked together in *Laborers* as to whether or not a stay would be sought, something Hale/ISG refused to do (consistently stating that they would move to enforce unless the bond was in place by the deadline, and/or unless they received a cashier's check for the full amount, despite the fact that Appellant's brief had already been filed).  Additionally, instead of moving assertively to discuss the issue and/or to secure a bond, the successor in interest as to the judgment debtor in *Laborers* (American National Bank or "ANB") took little action.  After "numerous months" of inaction by the judgment debtor, the plaintiffs registered the judgment in the N.D. of Illinois federal court pursuant to 28 U.S.C. §1963 and commenced enforcement.   In its review, the court recognized the disagreement  in the federal courts as to the issue:

> *Fed.R.Civ.P. 62(d). The rule does not explicitly address what effect, if any, the posting of a supersedeas bond has on execution proceedings begun* prior *to the posting of such bond. The cases dealing with this issue are in conflict. Compare, e.g., Ascher v. Gutierrez, 66 F.R.D. 548 (D.D.C.1975) (filing of supersedeas bond retroactively stays antecedent supplementary*

*proceedings); Sheldon v. Munford, 128 F.R.D. 663, 665–66 (N.D.Ind.1989) (same)* with
*Imperial Commodities Corp. v. S.S. Maria Auxiliadora, 115 F.R.D. 305 (S.D.N.Y.1987) (filing
of supersedeas bond does not retroactively stay antecedent supplementary proceedings);
Larry Santos Prods. v. Joss Org., 682 F.Supp. 905 (E.D.Mich.1988) (same); Secure Eng'g
Servs., Ltd. v. International Tech. Corp., 727 F.Supp. 261, 264–65 (E.D.Va.1989) (same).*

In *Laborers,* the judgment was placed in December 1997, and the first enforcement
action began in April 1998. The supersedeas bond was first placed on May 8, 1998. In finding
that the posting of bond did not automatically stay prior enforcement efforts, the court stated the
following:

*"Considering the authority on this issue, the Court finds that the filing of a supersedeas bond
should not retroactively stay antecedent supplementary proceedings. Neither federal nor
Illinois law expressly authorizes that initiated supplementary proceedings be retroactively
stayed by the filing of a supersedeas bond. Indeed, at least one court has noted that,
"allowing retroactive stays would enable a judgment debtor to delay the filing of a bond until
threatened by the efforts of a creditor to execute upon the judgment, and then benefit from the
bond as though it had been filed before execution was attempted." Larry Santos, 682 F.Supp.
at 906.*

*Here, after the tolling of the 10 day automatic stay pursuant to Fed.R.Civ.P. 62(a), Plaintiffs
had a right to initiate supplementary proceedings prior to the posting of an approved
supersedeas bond. **Plaintiffs put the judgment debtor on notice of their intention to exercise
their rights as early as February 5, 1998 (**see **Pl. Resp., Ex. A), <u>and waited over two more
months before exercising those rights.</u> The Court agrees with Plaintiffs that the judgment
debtor here sacrificed its right to limit Plaintiffs' security by failing to seek a stay in a timely
manner."***

The record in this case shows that the actions of the judgment debtor in our matter could
not be more different. While the motion for reduction and/or waiver of bond was pending

Jason Nieman v. Ins. Search Group et al; APPELLANT'S FRAP 8(b) MOTION FOR RETROACTIVE
REINSTATEMENT OF STAY OF JUDGMENT
9 of 14

ruling, the Plaintiff/Appellant placed his liability insurer on notice (appeal bonds, or at least the cost of same, are part of the purported coverage of such policies). That carrier denied coverage. After this Court refused to reduce or waive bond, and granted a 30 day stay, the Plaintiff promptly moved [8; 4/23/2013] this Court to reduce or waive the bond, motion which was denied on May 3, 2013.

While these events were occurring, the Plaintiff/Appellant Nieman also tried to negotiate in good faith with Hale/ISG as to concluding this dispute, as well as the related dispute in Texas Federal Court. As the Court is aware from pleadings in the underlying case, Hale/ISG refused to consider the Plaintiff's application for a position in March 2013. Hale would later file a sworn pleading in this Court [74; 7/23/2012] in July 2013 stating that he decided more than a year before the disqualification not to work with the Plaintiff again. However, when it came time to respond to the complaint in the Texas action, Hale feigned ignorance as to the nature of the protected conduct in question. (See pleading 17 from the Texas action, 3:12 cv 02433, *Reply* exhibit 3), arguably a known false pleading in violation of Rule 11, in light of Hale's prior pleading in this Court [74] referencing the Texas action and seeking an injunctive as to that out of district matter. Respectfully, it would appear that the Texas federal court agreed that the motion(s) to dismiss were invalid as the parties received an order on this date directing them to meet for a Rule 26(f) conference and to begin their joint discovery efforts. In yet another attempt to try and conclude the dispute, the Plaintiff/Appellant again proposed that the parties agree to dismiss their respective causes, claims, and litigation for a mutual release of all claims. Such efforts have historically been met only with demands for more fees and/or costs, without any reasonable justification offered for such demands.

As the Court is aware, The court in *Laborers* justified refusal to hold the stay retroactive under those particular facts, by noting the opinion of another court:

*"Indeed, at least one court has noted that, "allowing retroactive stays would enable a judgment debtor to delay the filing of a bond until threatened by the efforts of a creditor to execute upon the judgment, and then benefit from the bond as though it had been filed before execution was attempted." Larry Santos, 682 F.Supp. at 906."* (citing *Larry Santos Prods. v. Joss Org.,* 682 F.Supp. 905 (E.D.Mich.1988)).

In this case, however, the Defendants/Appellees argue no prejudice, and do not argue that the Plaintiff /Appellant was dilatory or acted in bad faith as to his negotiations, stay, or bond efforts in any way.  Had they waited just a few additional days, armed with almost daily updates as to the impending bond, they would have taken no enforcement efforts, and incurred no costs in taking such actions.   Indeed, in *Newburgh/Six Mile L.P. v. ADLABS Films USA, Inc.,* No. 09 CV 11067 (E.D. Mich. Sept. 10, 2010) the Court used exactly the same logic to grant a retroactive stay after bond was approved:

*"Although not directly on point, the Court finds persuasive Judge Cleland's analysis of a similar issue in Fairlane. There, the defendant, after having lost at trial, appealed the court's judgment. After the notice of appeal was filed, the plaintiffs issued writs of garnishment to a bank holding assets of the defendant. The defendant filed objections to the writs and also filed a motion under Rule 62(d) to stay the proceedings pending appeal. The defendant obtained a surety bond and sought to stay proceedings retroactively. The defendant argued that although the court could stay the proceedings, it could not do so retroactively and extinguish the garnishments already imposed. The Court disagreed and imposed a retroactive stay. After concluding that the decisions from within and without the District were not conclusive as to the permissiveness of a retroactive stay, Judge Cleland found that a district court's broad discretion in staying proceedings permitted it to impose the stay retroactively.  He found that retroactivity was necessary under the circumstances,*

*reasoning that there was little prejudice to the plaintiffs in making the stay retroactive*
*compared to the prejudice faced by the defendant were it to succeed on appeal. Fairlane,*
*2009 WL 2447616, at \*2-3."* (Citing *Fairlaine Car Wash, Inc. v. Knight Enters., Inc.,* 2009
WL 2447616 at \*2 (E.D. Mich. Aug. 6, 2009).

As the Court can see, our facts and history are almost identical between this case and
*Newburgh,* supporting a retroactive stay.  In fact, given that an actual writ of garnishment had
not yet been secured by the date of the bond being issued (May 29, 2013) nor by the date of the
Defendant's responsive pleading [116; 6/17/2013] which neither opposed the bond nor the
reactivation as to a stay as to any future collection proceedings, the Defendants' arguments
against a retroactive stay are even weaker here.  A contrary conclusion creates a "race to the
courthouse" environment as to appealed money judgments, and the courts consistently try to
avoid such races to courthouse.

The case that the court in *Laborers* relied upon, *Larry Santos,* can also be distinguished
and supports the Plaintiff's arguments.   In *Santos,* the court based its decision partially upon
apparent misrepresentation by the judgment creditor (music giant Polygram Records), as to
when a bond would be placed as to the $301, 202 judgment.   The Court also made the
following observation in Santos:

> *"Although situations may be imagined in which the denial of a retroactive application*
> *of a stay would result in manifest injustice, this Court believes that the instant case is*
> *not such a situation. Santos served his writ of garnishment after his right to do so had*
> *vested, without any hint of fraud and in the absence of any agreement not to execute the*
> *judgment. PolyGram's stated reasons for delay and the cost of its bond are insufficient*
> *to persuade this Court that manifest injustice has resulted."*

In this case, the judgment debtor is not a massive record company or similar corporation. Securing a bond, without the aid of his liability insurer, was not an easy matter. Now, despite his diligence and efforts, the Defendants/Appellees are attempting to seize personal assets, real estate, and/or to garnish wages of the Plaintiff/Appellant (judgment creditor), and his family, despite the supersedeas bond being in effect, and unopposed, and despite their judgment interest now being fully protected by virtue of the bond issuance. Additionally, by way of sworn pleading [82; 2/1/2013] the Defendants have arguably alleged that Hale/ISG are broke or indigent, and unable to fund their legal efforts without taking on debt. This means that if the underlying collections/garnishment actions are allowed to continue, and if the Plaintiff prevails on appeal in whole or in part, Hale/ISG may have no ability to return the monies that they secured. This suggests the type of "manifest injustice" that the court in *Santos* theorized as a basis to allow a retroactive stay.

As the Court in *Laborers* noted in detail, the law continues to be unsettled to this day as to the question of retroactive stay. See *Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods, Inc.,* No 06-cv-02527, 2008 WL 5412469 at *3 (D. Col. Dec. 24, 2008)("to date, courts remain divided on the issue). Indeed, *Laborers* was treated very negatively by a New York federal court in *Phansalkar v. Anderson Weinroth Co., LP.,* 211 F.R.D. 197 (S.D. N.Y. Sept. 3, 2002). Moreover, there are clearly arguments in favor of retroactive stay, as well as cases many supporting such a proposition. See e.g. *Gauthier v. Mardi Capitol Corp.,* No. 90 Civ. 4313, 1990 WL 250179, at *1 (S.D.N.Y. Dec. 26, 1999). Accordingly, in light of precedent, the specific and undisputed facts in this case, and substantial justice, a retroactive stay should be granted and/or recognized.

Respectfully submitted this June 27, 2013

/s/ Jason L. Nieman
Jason L. Nieman, *Pro Se*
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

Jason Nieman, *pro se*, certifies that on this date (June 27, 2013) he electronically filed a true and correct copy of the foregoing pleading and the exhibits with the Clerk of the Court for the Seventh Circuit Court of Appeals by way of the Court's ECF/CM system.

Counsel for the remaining Defendants have appeared in this matter by way of counsel and are noted to have ECM/CF access to the court so they will receive notification of these filings by virtue of the ECM/CF system. Plaintiff has also sent copies via email.

J. Reed Roesler, Davis & Campbell, LLC, 401 Main Street, Suite 1600, Peoria, IL 61602-1241, jrroesler@dcamplaw.com, *Attorney for Keith Hale and Insurance Search Group*

/s/ Jason L. Nieman
Jason L. Nieman, Pro Se
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com