**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

**No. 13-1739**

| | |
|---|---|
| Jason Nieman, | |
|     Plaintiff/Appellant, | Appeal from the<br>United States District Court |
| v. | for the Central District of Illinois<br>Case No. 1:12-cv-01012-JES-JAG |
| Insurance Search Group, Keith Hale,<br>American Specialty Insurance<br>& Risk Services, Inc., and Rick Dikeman, | Judge James E. Shadid<br>Magistrate Judge John A. Gorman |
|     Defendants/Appellees. | |

**<u>MOTION OF DEFENDANTS-APPELLEES FOR SANCTIONS</u>**

    Defendants/Appellees Keith Hale and Insurance Search Group [ISG], the trade name under which Hale does business, by their attorney J. Reed Roesler of Davis & Campbell L.L.C., file this Motion for Sanctions against Plaintiff Jason Nieman pursuant to Rule 38 of the Federal Rules of Appellate Procedure.

**I.    INTRODUCTION**

    This frivolous appeal is yet another step taken by Nieman in his ongoing effort to extort a settlement from Hale. As is evident from his behavior leading to this appeal:

1. Neiman has repeatedly been warned against his use of harassment and assertion of meritless claims to obtain a favorable settlement, but continues to do so.

2. Nieman has been placed on notice and acknowledges that his claims lack legal and factual merit, but insists on defending his actions.

3. Nieman recognizes he failed to exhaust his administrative remedies for his claim against Hale/ISG, disregarded his own assessment for the time to appeal the dismissal of that claim, and has the benefit of a sanctions award half the size of the financial injury he promised to inflict, but filed and continues to pursue this frivolous appeal.

Based on nothing more than his wild imaginings and conspiratorial thinking, Nieman believes that Hale is being financially supported and directed by RLI. See Exhibit A, para. 2(a).

## II.     BACKGROUND

### Nieman's "Firey [sic] Pit of Legal Process"

Throughout this case and those related to it, Nieman has not been shy about his litigation tactic: deliver a "firey [sic] pit of legal process" to coerce defendants into a quick settlement. *See* Nieman v. Grange Mut. Ins. Co., 11-3404, 2013 WL 1332198 at *1 (C.D. Ill. Apr. 2, 2013) ("[Nieman] followed through and indeed delivered a 'firey [sic] pit of legal process,' consisting of conduct that was harassing, contumacious and in bad faith").

Beyond the harassing conduct recited in Hale's Brief in opposition to Nieman's appeal, Nieman made clear that his litigation tactics presented him with a no-lose situation, as he would not be sanctioned and only the defendants ran the risk of being charged attorney's fees:

1.  In an October 14, 2011, letter to RLI and copying others, including Hale [Doc. 46-4, p. 7], Nieman states:

    Frankly, my worst possible perceivable outcome is to lose in court, which is increasingly unlikely at this point. Attorney's fees are almost never awarded against a Plaintiff, even in federal court. The state courts seem to have no provision for such an outcome, and do not even typically award costs to a prevailing party such as federal courts are noted to do. You have no viable counterclaim that I am aware of, nor do I expect that you ever will. Put simply, I have little or nothing at risk in this matter.

2.  In a December 8, 2011, email to certain defense counsel and copying others, including Hale [Doc. 28-1, p. 14], Nieman states:

    If the case moves to the 7th Circuit, the costs for both sides go up. All the Plaintiff needs is some level of being a prevailing party and the defendants will bear all of the Plaintiff's fees and costs. A very troubling prospect that I try to avoid as a defense representative, whenever I can.

This cavalier view earned comment from the District Court. In this case, U.S. District Judge James Shadid found that Nieman continued to pursue his frivolous claims with "an air of arrogance and indifference with respect to the legitimacy of his conduct" [Doc. 78, p. 3], and that "Nieman's attempts to challenge the Court's authority to award sanctions are contrary to established law and are without merit, frequently taking citations out of context or even ignoring the plain language of the precedent" [Doc. 99, p. 3]. Also see Grange, 2013 WL 1332198 at *23, where U.S. District Judge Richard Mills noted "It appears that [Nieman] believes he is immune from sanctions."

**Repeated Warnings of Sanctions**

From the outset of this case, Nieman has been warned that pursuing frivolous claims could result in sanctions. See Doc. 46-3, where counsel for American Specialty warns Nieman[1]:

> [Y]ou are fully aware that there are no actionable claims which could assert against American Specialty. Accordingly, it is apparent that your inclusion of American Specialty in this suit is frivolous, done solely to be vexatious, and in violation of ILCS S. Ct. Rule 137.
>
> American Specialty demands that you immediately discontinue the case against it. Should you fail to do so prior to the time in which a formal response is due, American Specialty will not only seek dismissal but also sanctions against you pursuant to the above references Supreme Court rule.

Despite this warning, Nieman continued to pursue his frivolous claims against American Specialty, Dikeman, Hale and ISG.

---

[1] Nieman asserted similar claims against American Specialty and Dikeman as he asserted against Hale and ISG. However, American Specialty and Dikeman are not parties to this appeal because they reached a settlement agreement with Nieman in order to curb, through an injunction, the threats of recurring claims and the expenditure of further defense fees and costs. Unlike these and the other defendants in this case, Hale has not succumbed to Nieman's litigation tactics. For this, Hale has suffered exactly what Nieman promised . . . ever-increasing billings for attorney fees and costs in this case, in Nieman's Texas federal court lawsuit against Hale, and in a third lawsuit Nieman promises to file by the end of this month. See Doc. 108-2 & Exhibit A, para. 2(c) & 3.

3

In a related case, on August 31, 2012, U.S. District Judge Richard Mills warned Nieman [Nieman v. Grange Mut. Ins. Co., 11-3404, 2012 WL 3779090 at *5 (C.D. Ill. Aug. 31, 2012)]:

> The Plaintiff is hereby placed on notice that litigation tactics which are harassing and intimidating will not be tolerated and may result in dismissal. The Court has recognized that Plaintiff appears to be more able than most Pro Se litigants and is familiar with federal court procedure and the relevant substantive law.

After Nieman's "flagrant disregard" of the court's warning, and in light of Nieman's "bad faith and abuse of process," Judge Mills imposed sanctions against him. Grange, 2013 WL 1332198 at *25. Also see Exhibit A for additional examples of the same types of communications in this case that prompted the imposition of sanctions by Judge Mills. Note that Nieman's communications were sent after April 2, 2013, the date Judge Mills issued his order granting sanctions against Nieman and calling him to task for the same type of behavior he then continued to display in his interactions with Hale and his counsel.

### Repeated Warnings of Frivolous Claims

Nieman has been repeatedly warned that his claims are frivolous. As just noted, with respect to similar claims filed against American Specialty, Nieman was warned from the outset that his claims were "frivolous, done solely to be vexatious" [Doc. 46-3]. In fact, before this case was removed to federal court, Peoria County Circuit Court Judge Scott Shore, when dismissing several of Nieman's claims, took the unusual step of warning Nieman that as a pro se party, he would nevertheless be "held to the same pleading standards as an attorney" [Doc. 46-2].

Neither Judge Shore's admonishment, nor the warning received from American Specialty, had any impact on Nieman. On December 12, 2011, in disregard of both, Nieman filed his Second Amended Complaint, asserting the same claims against Hale and ISG [and against American Specialty] as before. Compare Doc. 1-1 (original Complaint) with Doc. 1-6 (Second Amended Complaint). On February 28, 2012, because Nieman failed to file a proper

charge with the Illinois Department of Human Rights naming Hale and/or ISG as parties to a civil rights violation, the District Court dismissed the claims against both [Doc. 37].

### Nieman's Conduct Leads to Sanctions in Half the Amount of the Defense Burden Foisted on Hale

Throughout this case, Nieman promised that Hale would incur attorney's fees so oppressive that settlement would be his only realistic option. As but one example, after Hale refused Nieman's outrageous settlement demands, Nieman forecast, with some accuracy, what Hale could anticipate by way of defense costs if a settlement were refused [Doc. 28-1, p. 21]:

> …I have received no contact from any of the Defendants as to possible mediation or negotiation in this matter. At this time my formal demand has reverted [from $250,000] to $15MM ($15,000,000.00 USD). … I have budgeted and set aside $12,000 for the initial discovery phase, including deposition transcript and court reporting fees. Needless to say, the fees and expenses the Defendants will incur will dwarf such a number individually, and in the aggregate. Frankly, I expect the various Defendants to spend somewhere around $50k to $100k from here through the invariably denied summary judgment that at least some Defendants will attempt. Were I handling the defense, I would have recommended putting such funds toward a potential compromise, but I obviously have no control over the actions of the various Defendants (or their attorneys) in this matter.

Consistent with Nieman's forecast, Hale's defense burden exceeded $34,000 at the time his Motion for Sanctions was granted, while the defense burden of American Specialty and Dikeman exceeded $45,000 [Doc. 99, p. 3].

The District Court's award of sanctions was only a fraction of what Nieman promised to inflict on Hale [Doc. 99, p. 4]. While the District Court's award left Hale holding a substantial debt, Hale also recognized that the District Court enjoys "broad discretion in setting a sanction award . . .." Divane v. Krull Elec. Co., 319 F.3d 307, 314 (7th Cir. 2003). *See also* Nelson v. Chicago Park Dist., 408 Ill. App. 3d 53, 67-68, 945 N.E.2d 634, 648 (1st Dist. 2011) appeal denied, 955 N.E.2d 472 (Ill. 2011) ("An abuse of discretion [in awarding Rule 137 sanctions] occurs when no reasonable person could have taken the view the trial court adopted."). Despite

5

the District Court's exercise of its "broad discretion" in Nieman's favor, Nieman now, brazenly and without justification, challenges an award of sanctions in half the amount of the defense burden he promised Hale would incur.

### Nieman's Pursuit of this Frivolous Appeal

Nieman is clearly aware that his failure to name Hale and ISG in his charge of discrimination is fatal to his claim, but pursues this appeal in an apparent bid to exact a settlement from Hale. See Doc. 108-1, p. 27, where Nieman, in the context of yet another threat to Hale, states:

> Should any of you file a motion seeking sanctions in this action based upon the Plaintiff's actions to date I will consider this to be a separate and distinct act of prohibited retaliation. I will respond by . . . [f]illing [sic] a supplemental charge with the U.S. EEOC and the Department of Human Rights, so as to comply with any administrative exhaustion requirement. I will name the party represented and the attorneys who sign such pleadings directly, so as to avoid any questions of notice and/or administrative exhaustion as to such parties or issues.

In another provoking communication, Nieman ramps up the pressure on Hale/ISG, opining that their motion for sanctions had been denied and/or waived, while recognizing that his right to challenge the dismissal of the claims asserted against Hale and ISG lapsed at the same time. See Doc. 77, pp.6-7, where Nieman states:

> [A] related Illinois action [Central District of Illinois Case No. 12-cv-1012]. . . has now been concluded based upon voluntary agreement of the Plaintiff and remaining active Defendants, being closed with prejudice on October 3, 2012. Defendants Hale and ISG had been dismissed earlier from the action and the Plaintiff did not choose to appeal their dismissal. Similarly, Defendants Hale and ISG did not file a bill of costs nor an appeal within the required time after the case closure, so any alleged claims for sanctions or costs were effectively denied by the court in the closure action, and/or were waived by the Defendants.

Also see Doc. 86-2 at page 2, where Nieman indicates that "[t]he law seems to be clear" in terms of closure of the case on October 3, 2012, and Doc. 82-3 at page 34, where Nieman states on November 7, 2012, "it is my position that . . . you did not move for reconsideration, appeal, or

6

take other action as required within the time limits allowed . . ..” Despite knowing of his limited time in which to file an appeal, Nieman's Notice of Appeal was filed over five months later on April 9, 2013 [Doc. 102]. Because the Notice of Appeal was not timely, the Circuit Court does not have jurisdiction over this appeal.

All this notwithstanding, Nieman brought and continues to pursue this frivolous appeal in order to exact a settlement from Hale.

## II.     ARGUMENT

Rule 38 of the Federal Rules of Appellate Procedure provides, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed.R.App.P. 38. "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." Grove Fresh Distributors, Inc. v. John Labatt, Ltd., 299 F.3d 635, 642 (7th Cir. 2002) (quoting Spiegel v. Cont'l Illinois Nat. Bank, 790 F.2d 638, 650 (7th Cir. 1986)). In other words, as this Circuit Court has made clear, "if a litigant (even if unrepresented) persists in a hopeless cause long after it should have been clear to him, as a reasonable person, that his position was groundless, sanctions should be imposed." Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir. 1993). Because the district court has broad discretion to impose sanctions, "appeals of such sanctions may frequently be frivolous." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 407, 110 S. Ct. 2447, 2462, 110 L. Ed. 2d 359 (1990).

"[F]ederal courts possess the inherent power and constitutional obligation to prevent abuse of the judicial process by a litigant who engages in a pattern of frivolous litigation." Perry, 16 F.3d at 140. Accordingly, where sanctions are warranted, "the courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee . . .." Fed.

7

R. App. P. 38, 1967 Committee Note. Additionally, "courts have exercised this power by imposing regulatory injunctions designed to prohibit the filing of duplicative and frivolous actions." Id.

Nieman has acknowledged the obvious deficiencies in his claims against Hale/ISG but continues to pursue them, raising the same arguments made in the District Court. In light of this conduct, as well as Nieman's cavalier attitude in disregard of clearly established law and court orders, Defendants Hale/ISG ask that the Court:

1. Impose a substantial monetary sanction against Nieman, commensurate with the fees and costs incurred by Hale and ISG in order to defend themselves against Nieman's frivolous and retaliatory appeal [see Exhibit A for verification of the more than $34,000 in added fees and costs incurred in all aspects of this case since the billings submitted to the District Court];

2. Enjoin Nieman from pursuing the lawsuit he has threatened to file at the end of this month, without first complying with procedures established to restrict the pursuit of frivolous and retaliatory claims;

3. Enjoin Nieman from filing further claims against Hale and ISG except in accordance with these same procedures;

4. Enjoin Nieman from any further communication of any kind with Hale and ISG, including but not limited to making job applications;

5. Award such other relief as deemed just and necessary.

See Hale's Supplemental Motion for Sanctions [Doc. 74] and the District Court's Stipulated Injunction Order [Doc. 120] for the underpinnings of the authority of federal courts to impose the limitations sought in subparts 2, 3 & 4 above.

Dated: July 19, 2013

                                      DEFENDANTS/APPELLEES KEITH HALE &
                                      INSURANCE SEARCH GROUP

                                      /s/ J. Reed Roesler

J. Reed Roesler
DAVIS & CAMPBELL L.L.C.
401 Main St., Suite 1600
Peoria, Illinois 61615
Tel: (309) 673-1681
Fax: (309) 673-1690
jrroesler@dcamplaw.com
00106148.DOCX

*Counsel for Defendants/Appellees*
*Keith Hale and Insurance Search Group.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion of Defendants-Appellees for Sanctions was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system on this 19th day of July, 2013. I certify that all participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

    /s/ J. Reed Roesler
J. Reed Roesler
Davis & Campbell L.L.C.
401 Main Street, Suite 1600
Peoria, IL 61602-1241
Tel: (309) 673-1681
Fax: (309) 673-1690
jrroesler@dcamplaw.com