THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Jason Nieman,

   *Appellant*

vs.

Keith Hale d/b/a/ Insurance Search Group

   *Defendants/Appellees*

Case No. 13-1739

D.C. Case No. 2012 CV 01012 (C.D. Ill)

Judge: Hon. James E. Shadid

Magistrate Judge: Hon. John A. Gorman

## PLAINTIFF/APPELLANT'S VERIFIED BILL OF COSTS

Now comes Appellant Jason Nieman, pro se, pursuant to the Court's instructions, and consistent with Fed. R. App. P. 39 and Circuit Rule 39, Plaintiff/Appellant Nieman herein submits this Bill of Costs, verified under penalty of perjury.

## PROCEDURAL HISTORY

As the Court is aware, on October 2, 2013 this Court issued an ruling and order [45; 10/2/2013] reversing the District Court's rulings as to initial dismissal of Defendants/Appellants Keith Hale D/B/A Insurance Search Group, and additionally reversing the order of sanctions [District Court Doc. 99; 4/3/2013] and related judgment [District Court Doc. 101; 4/8/2013] of the District Court. In the ruling and order and related judgment [46; 10/2/2013] this Court awarded Appellant Nieman his costs. As Appellant Nieman understands the requirements, he is now required to file a verified bill of costs, and is doing so accordingly.

**VERIFIED BILL OF COSTS**

So far as Appellant Nieman understands Fed. R. App. P. 39 and Circuit Rule 39, the following items may be claimed by him as recoverable costs:

(1) The supersedeas bond premium pursuant to FRAP 39(e)(3). Appellant herein attaches as Appellant's Bill of Costs exhibit A, a copy of an email from the insurance broker (A.J. Wayne and Assoc., Chicago) noting the supersedeas appeal bond premium as $340.00 per year. Also attached as part of exhibit A are screen prints from Appellant's bank account showing the electronic payment/check which was processed on July 9, 2013, for one full year premium at $340.00.

(2) The appeal/docketing fee was $455.00, and Appellant believes this is recoverable under FRAP 39(e)(4). (A copy of the ECF email receipt from the Central District of Illinois, showing the amount as paid, is attached as Appellant's Bill of Costs exhibit B.) If Appellant understands correctly, all but $5.00 may be sought from the Appellate Court (with the remaining $5.00 being under the jurisdiction of the District Court).

(3) Based upon Circuit Rule 39, Appellant also believes that he may be able to recover the costs of photocopying as to his filed paper brief and reply. Appellant, pro se, was required by the Clerk to file his briefs in paper format, so far as he understands the rules and/or the Clerk's instructions. Appellant Nieman used the following publication as to his understanding as to the ability to request these items: *Comparative Study of the Taxation of Costs in the Circuit Courts of Appeals Under Rule 39 of the Federal Rules of Appellate Procedure,* April 2011 edition, published by the Federal Judicial Center.

(//www.uscourts.gov/uscourts/RulesAndPolicies/rules/Publications/frap39rep.pdf). This publication indicated no limit as to the number of copies, but that the amount should be those that were necessary and that the per page limit should be .10, so he used that rate. As the Court is aware, Appellant was required to file 15 paper copies. (Relying upon the *Seventh Circuit Brief Filing Checklist; .ca7.uscourts.Gov/ Rules/check.pdf*). The Appellant's primary appeal brief was 77 pages total, inclusive of the appendix and any related items, and the reply brief was 35 pages total, according to the page count showing in the .pdf version of each filed brief copy received from the Court's ECF system. Appellant did not use a commercial printing entity and instead made such copies "in house". Nonetheless the required copies to be filed with the Appellate Court and to be provided to the Appellees appear to be recoverable. See e.g. *Martin v. U.S.*, 931 F.2d 453 (7th Cir. May 8, 1991). Appellant Nieman is not claiming the costs of copies of the original brief to the settled Defendants (ASIRS and Dikeman), nor the costs of the paper copies sent to Appellees Hale/ISG because he cannot locate the rule that required him to send copies to such parties.

**<u>Summary of Costs Requested:</u>**

| | |
|---|---|
| (1) Appeal Docketing Fee: | $450.00 |
| (2) Supersedeas Appeal Bond Premium | $340.00 |
| (3) 15 copies of the Appellant's Brief (77 pg) @.10 | $115.50 |
| (4) 15 copies Appellant's Reply Brief (35 pg) @.10 | <u>$ 52.50</u> |
| **TOTAL COSTS** | **$958.00** |

## VERIFICATION

I, Jason Nieman, under penalty of perjury as provided for by 28 U.S.C. §1746 and/or as otherwise applicable, hereby certify that the enumerated costs requested represent the costs actually incurred as to the supersedeas appeal bond premium and the docketing fee paid, and represent the reasonable cost for photocopies made in-house based upon my understanding of amounts which may be reasonably claimed under this Appellate Court's rules.

Respectfully submitted this October 7, 2013

*(signature)*

Jason L. Nieman, *Pro Se*
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com

## **CERTIFICATE OF SERVICE**

Jason Nieman, *pro se*, certifies that on this date (October 7, 2013) he electronically filed a true and correct copy of the foregoing pleading and the exhibits with the Clerk of the Court for the Seventh Circuit Court of Appeals by way of the Court's ECF/CM system.

Counsel for the remaining Defendants/Appellees have appeared in this matter by way of counsel and are noted to have ECM/CF access to the court so they will receive notification of these filings by virtue of the ECM/CF system. Plaintiff has also sent copies via email:

J. Reed Roesler, Davis & Campbell, LLC, 401 Main Street, Suite 1600, Peoria, IL 61602-1241, jrroesler@dcamplaw.com, *Attorney for Keith Hale and Insurance Search Group*

*(signature)*

Jason L. Nieman, Pro Se
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com